*Zhou v. Sessions*
BIA
Vomacka, IJ
A205 429 496

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

QIAN JING ZHOU,
> *Petitioner,*

v.                                          16-2900
                                            NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; John S. Hogan,
                       Assistant Director; Lindsay
                       Corliss, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qian Jing Zhou, a native and citizen of the People's Republic of China, seeks review of a July 29, 2016, decision of the BIA, affirming a July 20, 2015, decision of an Immigration Judge ("IJ") denying Zhou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Qian Jing Zhou,* No. A205 429 496 (B.I.A. July 29, 2016), *aff'g* No. A205 429 496 (Immig. Ct. N.Y. City July 20, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, and so address only the adverse credibility determination.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B)*; Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determinations for substantial evidence).

For asylum applications like Zhou's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

2

and omissions in an applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64 & 166 n.3. However, the more central an inconsistency is to a claim of past persecution, the more substantial it is.  *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  We conclude that the agency's adverse credibility determination rests on substantial evidence.

The agency reasonably found Zhou not credible based on the omission from the church letter of her arrest and detention, which was the event central to her claim of persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye*, 446 F.3d at 295 ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding."); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes).

3

Zhou's fluctuating and contradictory explanations do not compel a different conclusion because she expressly testified that the letter was offered to corroborate her alleged arrest and detention. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted).

The IJ also reasonably declined to otherwise afford weight to the church letter, finding it questionable and implausible that an underground church in China, operating secretly, would need a letterhead and seal for its documents. "We defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to evidence is largely within IJ's discretion). This inference was sufficiently grounded in record and was not "based on speculation," given Zhou's testimony that her church was small in order to avoid detection by the police. *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (an implausibility finding based on inference is reasonable if grounded in "record facts,

4

or even a single fact, viewed in the light of common sense and ordinary experience"). Zhou's argument that the IJ erred in requiring official authentication is misplaced. *Cf. Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir. 2006). Here, the IJ simply questioned the veracity of the church letter as "uncharacteristic of a small informal underground house church seeking to remain secret." We "afford IJs considerable flexibility in determining the authenticity of such documents from the totality of the evidence and in using documents found to be authentic in making an overall assessment of the credibility of a petitioner's testimony and, ultimately, of her persecution claim." *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008); *see also Siewe*, 480 F.3d at 167 ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (internal quotation marks omitted)).

Nor did the IJ err in declining to give weight to the remainder of the corroborating evidence or in finding it insufficient to rehabilitate Zhou's claim. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496

5

F.3d 268, 273 (2d Cir. 2007); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Zhou provided no objective evidence to corroborate her husband's testimony that he attended church in the U.S. with her and the IJ reasonably gave his testimony diminished weight: the church letters did not mention him, he previously applied for asylum based on a different form of Christianity, and he was an interested witness. *See Y.C.*, 741 F.3d at 334; *Xiao Ji Chen*, 471 F.3d at 342. Nor did the country conditions evidence rehabilitate the claim. As the IJ found, the background evidence in the record identified no incidents of persecution in Zhou's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 148, 156-57, 165, 170 (2d Cir. 2008).

Given the inconsistencies concerning the sole incident of past harm, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 295. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk